

CJ16 5056
Swinton

IN THE DISTRICT COURT FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| 1. ANTHONY WOSKA;<br>2. DANIEL WOSKA; and,<br>3. OKLAHOMA PROCURE MANAGEMENT, L.L.C. d/b/a PROCURE PROTON THERAPY CENTER,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>1. HEALTH CARE SERVICE CORPORATION, A MUTUAL LEGAL RESERVE COMPANY; and,<br>2. BLUE CROSS AND BLUE SHIELD OF OKLAHOMA,<br><br>　　　　　Defendants. | FILED IN DISTRICT COURT<br>OKLAHOMA COUNTY<br><br>OCT - 3 2016<br><br>RICK WARREN<br>COURT CLERK<br>34_____<br><br>Case Number:<br><br>CJ - 2016 - 5056 |

## PETITION

Plaintiffs, for their claims, state:

1. Plaintiff, Anthony Woska, is a citizen of the state of Oklahoma.

2. Plaintiff, Oklahoma ProCure Management, L.L.C. d/b/a ProCure Proton Therapy Center is a Delaware corporation and has its principal place of business in Oklahoma City, Oklahoma County, State of Oklahoma.

3. Defendant, Health Care Service Corporation, a Mutual Legal Reserve Company, is a mutual reserve company owned by its policyholders – including thousands of policyholders in Oklahoma – and is, therefore, a citizen of the State of Oklahoma.

4. Defendant, Health Care Service Corporation, a Mutual Legal Reserve Company, maintains the Oklahoma Department of Insurance as its service agent in Oklahoma.



EXHIBIT 2

The Oklahoma Department of Insurance will be served with the Petition and Summons in this case at the following address: Five Corporate Plaza 3625 NW 56th, Suite 100, Oklahoma City, OK 73112.

5. Defendant, Health Care Service Corporation, a Mutual Legal Reserve Company, states on its website:

> Health Care Service Corporation (HCSC) is the largest customer-owned health insurance company in the United States. HCSC offers a wide variety of health and life insurance products and related services, through its operating divisions and subsidiaries; including Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Montana, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Texas The company employs more than 22,000 people and serves more than 15 million members.

(www.hcsc.com accessed August 18, 2016)

6. Defendant, Health Care Service Corporation, a Mutual Legal Reserve Company, states on its website:

> **Customer-Owned**
>
> **How We Operate**
>
> As a customer-owned health insurer, we're not owned by stockholders but rather our policyholders. This allows us to focus solely on customer needs and not worry about shareholder expectations.
>
> Since we're not obliged to individual and institutional investors who seek a maximum return on their investments in our company, we are able to approach the critical issues affecting health care financing, access and delivery with a balanced, long-term perspective.

(*http://www.hcsc.com/customer_owned.html accessed* August 18, 2016)

2

7. The application for insurance Blue Cross Blue Shield of Oklahoma and Health Care Service Corporation make their potential insureds complete contains language confirming that the applicant is, in fact, an owner of Health Care Service Corporation and that the applicant may give his/her proxy to the Board of Directors of Health Care Service Corporation, a Mutual Legal Reserve Company. The language states:

> PROXY STATEMENT The undersigned hereby appoints the Board of Directors of Health Care Service Corporation, a Mutual Legal Reserve Company, or any successor thereof ("HCSC"), with full power of substitution, and such persons as the Board of Directors may designate by resolution, as the undersigned's proxy to act on behalf of the undersigned at all meetings of members of HCSC (and at all meetings of members of any successor of HCSC) and any adjournments thereof, with full power to vote on behalf of the undersigned on all matters that may come before any such meeting and any adjournment thereof. The annual meeting of members shall be held each year in the corporate headquarters (300 E. Randolph St., Chicago, IL 60601) on the last Tuesday of October at 12:30 p.m. Special meetings of members may be called pursuant to notice mailed to the member not less than 30 nor more than 60 days prior to such meetings. This proxy shall remain in effect until revoked in writing by the undersigned at least 20 days prior to any meeting of members or by attending and voting in person at any annual or special meeting of members.

(*http://www.bcbsok.com/pdf/formfinder/ind-health-app-ok-2015.pdf* accessed August 26, 2016.)

8. Defendant, Health Care Service Corporation, a Mutual Legal Reserve Company, is a self-proclaimed policyholder-owned entity with policy holders located throughout Oklahoma.

9. Defendant, Blue Cross and Blue Shield of Oklahoma, is an Oklahoma entity and has its principal place of business in Oklahoma.

3

10. Defendant, Blue Cross and Blue Shield of Oklahoma, holds itself out as an Oklahoma insurance company – the largest in the State. Its website states:

> Blue Cross and Blue Shield of Oklahoma is the largest and most experienced health care insurance company in the state. We provide coverage to more than 830,000 members. Why do so many Oklahomans choose us?
>
> - <u>Largest Network</u> — We have the largest PPO network in the state.
> - <u>Trusted Name</u> — With more than 70 years of experience, we are the most trusted name in the health care industry.
>
> (*http://www.bcbsok.com/member/advantages-of-membership* accessed August 23, 2016).

11. Defendant, Blue Cross and Blue Shield of Oklahoma, also holds itself out a customer-owned insurance company. Its website states:

> **Trusted Name**
>
> We are the most recognizable and trusted name in the health care insurance industry. We've been around for more than 70 years. When you've been around that long, you get to see generations of families grow to live healthy and inspired lives.
>
> **Customer-Owned**
>
> Unlike some of the national, publicly-traded health insurance companies, Blue Cross and Blue Shield of Oklahoma is customer-owned. This means our owners and customers are one and the same. Our long-term planning and investment strategies deliver more stability and consistency versus a quarterly report's bottom line.
>
> (*http://www.bcbsok.com/member/advantages-of-membership* accessed August 23, 2016).

12. Plaintiff, Oklahoma ProCure Management, L.L.C. d/b/a ProCure Proton Therapy Center (hereinafter "ProCure"), is a healthcare provider located at 5901 W. Memorial Road, Oklahoma City, Oklahoma County, Oklahoma.

13. ProCure is one of only two entities in the state of Oklahoma capable of providing proton therapy for the treatment of cancer.

14. Proton beam therapy is one of the most precise forms of highly conformal external beam radiation therapy available today.

15. Proton beams deposit their energy at a finite and adjustable depth, thus minimizing damage to healthy tissues that lie in close proximity to the cancerous target.

16. Due to the unique physical properties of protons, proton therapy reduces the dose to healthy tissues by up to 80% compared to x-ray therapy.

17. Proton beam therapy is particularly advantageous when relatively high radiation doses are needed to achieve optimal tumor control or when it is vital to spare the surrounding normal tissues such as in pediatric cases.

18. Proton beam therapy was first used for the treatment of cancer in 1954.

19. Proton beam therapy was approved for the treatment of cancer by the Food and Drug Administration in 1988 and is routinely administered throughout the United States.

20. The United States government, through the Centers for Medicare and Medicaid Services, as well as the National Health System in the United Kingdom frequently authorize and reimburse proton beam centers for proton beam therapy.

21. On March 28, 2016, Plaintiff, Anthony Woska, was seen in consultation by Michael Confer, M.D. at ProCure in Oklahoma City. Dr. Confer recommended proton radiotherapy as a curative intent treatment for his prostate cancer.

22. The proton beam therapy ordered by Dr. Confer to treat Anthony Woska is clinically appropriate and medically necessary to treat Anthony Woska's cancer.

23. The proton beam therapy ordered by Dr. Confer for Anthony Woska is effective, not experimental and consistent with the current standard of medical care for treating prostate cancer.

24. At all times relevant to this claim, Anthony Woska had in force and effect a policy of insurance issued to him by Defendants, Health Care Service Corporation, a Mutual Legal Reserve Company, and Blue Cross Blue Shield of Oklahoma (herein collectively referred to as "BCBSOK"), which included, or should have included, coverage for proton therapy delivery.

25. Plaintiff obtained the insurance coverage with BCBSOK through the insurance exchange established by the Affordable Care Act.

26. Plaintiff paid his insurance premiums directly to BCBSOK via online monthly payment.

27. Plaintiff did not intend to, and did not, purchase healthcare insurance through a plan governed by the Employee Retirement Income Security Act.

28. On March 25, 2016, BCBSOK issued a pre-certification determination denying Anthony Woska's insurance claim seeking approval for proton beam treatment at ProCure.

29. On April 4, 2016, Anthony Woska initiated an appeal of BCBSOK's wrongful denial.

30. On May 3, 2016, BCBSOK wrongfully denied Anthony Woska's level one appeal of its denial of his proton treatment for prostate cancer.

31. On May 16, 2016, Anthony Woska initiated a level two appeal of BCBSOK's wrongful denial.

32. On May 27, 2016, Anthony Woska submitted a letter as an addendum to appeal sent on May 16, 2016.

33. On May 31, 2016, the Oklahoma Department of Insurance rejected Anthony Woska's request for a level 3 external review stating he had not exhausted internal appeals with BCBSOK.

34. On June 14, 2016, BCBSOK wrongfully denied Anthony Woska's level two appeal.

35. On June 23, 2016, BCBSOK again wrongfully denied Anthony Woska's level two appeal of its denial of his proton treatment for prostate cancer.

36. On May 16, 2016, Anthony Woska initiated an external appeal of BCBSOK's denial.

37. On August 8, 2016, BCBSOK denied Anthony Woska's request for coverage pursuant to an external review process.

38. Anthony Woska made a claim for insurance coverage to BCBSOK pursuant to the terms in the insurance policy issued to him.

39. Anthony Woska complied with all of his duties under the insurance policy and met all conditions precedent to the payment of insurance coverage by BCBSOK.

40. The proton beam therapy ordered by Dr. Confer for Anthony Woska is, and should be, a covered benefit under the insurance policy issued to his by BCBSOK as described by BCBCOK's internal medical policies.

41. Anthony Woska is entitled to benefits from BCBSOK pursuant to the policy of insurance issued to him by BCBSOK.

42. Anthony Woska made a demand for payment of benefits under Anthony Woska's contract of insurance with BCBSOK and BCBSOK refused to provide the benefits owed.

43. BCBSOK refused, and continues to refuse, to provide all benefits due Plaintiffs under Anthony Woska's insurance policy.

44. The refusal of BCBSOK to provide insurance coverage to Anthony Woska and to pay ProCure for the medical care it stood ready to provide Anthony Woska breached the contract issued to Anthony Woska by BCBSOK.

45. The refusal of BCBSOK to pay benefits owed Plaintiffs is unreasonable, intentional, a violation of its duty of good faith and fair dealing and in bad faith.

46. The denial of Plaintiffs' claim for insurance coverage by BCBSOK violated various state statutes, regulations and administrative code provisions rendering BCBSOK *negligent per se* for its conduct.

47. As a result of the conduct of BCBSOK, Anthony Woska was denied insurance benefits due him for proton therapy delivery.

48. BCBSOK's conduct denied Anthony Woska vital medical treatment needed to treat his prostate cancer thereby causing him to suffer damages as set forth below.

49. Anthony Woska and Procure had a business relationship such that ProCure would render vital medical treatment to him in exchange for payment of insurance policy benefits to ProCure by BCBSOK.

50. BCBSOK knew about the business relationship between Anthony Woska and ProCure.

51. BCBSOK intentionally interfered with the business relationship between Anthony Woska and ProCure, or made it impossible for Anthony Woska to be treated by ProCure, because it wrongfully refused to provide insurance coverage for proton therapy.

52. BCBSOK's conduct in denying coverage to Anthony Woska intentionally interfered with the business relationship between Anthony Woska and ProCure and was improper, done through unfair means, and an intentional violation of its duty of good faith and fair dealing with Anthony Woska.

53. ProCure made a claim for insurance coverage to BCBSOK for treatment of Anthony Woska pursuant to the terms in the insurance policy issued to him, as well as the agreements entered into between BCBSOK and ProCure, including the Participating Provider Agreement for the BlueTraditional, BlueChoice PPO and BluePreferred Networks for Proton Therapy Treatment.

54. ProCure complied with all of its duties under the contracts entered into between BCBSOK and ProCure, including the Participating Provider Agreement for the BlueTraditional, BlueChoice PPO and BluePreferred Networks for Proton Therapy Treatment, and met all conditions precedent to the payment for services provided or to be provided.

55. ProCure is entitled to payment from BCBSOK for treatment of Anthony Woska pursuant to the contracts entered into between BCBSOK and ProCure, including the Participating Provider Agreement for the BlueTraditional, BlueChoice PPO and BluePreferred Networks for Proton Therapy Treatment.

56. ProCure sought authorization for payment from BCBSOK for the treatment ordered by Anthony Woska's physicians and BCBSOK refused to authorize payment for the medically necessary treatment.

57. The refusal of BCBSOK to authorize and pay ProCure for the medically necessary medical treatment ordered by Anthony Woska's physicians breached the contracts entered into between ProCure and BCBSOK, including the Participating Provider Agreement for the BlueTraditional, BlueChoice PPO and BluePreferred Networks for Proton Therapy Treatment.

58. BCBSOK routinely reimbursed ProCure for cancer treatment related to prostate cancer until April 14, 2015, when it wrongfully, unreasonably and unilaterally decided to refuse to provide coverage for it.

59. BCBSOK improperly and intentionally engaged in conduct that undermines ProCure's ability to offer proton beam therapy and, by unilaterally deciding to stop paying for proton beam therapy, is attempting to drive proton beam therapy providers like ProCure from the medical marketplace.

60. The refusal of BCBSOK to authorize and pay ProCure for the medically necessary medical treatment ordered by Anthony Woska's physicians is unreasonable,

intentional, a violation of its duty of good faith and fair dealing and was done in bad faith.

61. As a result of BCBSOK's conduct, Anthony Woska and ProCure suffered damages as set for below.

## DAMAGES

62. As a result of the breach of the insurance contacts by BCBSOK, Anthony Woska is entitled to all benefits due him under the insurance policy issued to him by BCBSOK and has been damaged in an amount in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.

63. As a result of the conduct of BCBSOK, Anthony Woska has incurred financial loses, suffered shame, humiliation, embarrassment and mental pain for which he seeks actual damages in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.

64. As a further result of the conduct of BCBSOK, Daniel Woska, wife of Anthony Woska, has incurred financial loses, suffered shame, humiliation, embarrassment and mental pain for which she seeks actual damages in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.

65. As a result of the conduct of BCBSOK described above, ProCure has incurred financial loses for which it seeks actual damages in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.

66. As a result of the unreasonable, intentional and bad faith conduct of BCBSOK, each Plaintiff seeks punitive damages against each Defendant in an amount in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.

WHEREFORE, Plaintiffs pray judgment against Defendants, each in an amount in excess of $75,000.00, plus costs, interest, attorneys' fees and any other relief the Court deems equitable and just.

Respectfully submitted,

_____
Larry A. Tawwater, OBA No. 8852
Darren M. Tawwater, OBA No. 18854
**THE TAWWATER LAW FIRM, P.L.L.C.**
14001 Quail Springs Parkway
Oklahoma City, Oklahoma 73134
Telephone:   (405) 607-1400
Facsimile:   (405) 607-1450
lat@tawlaw.com
dtaw@tawlaw.com

and

Anton J. Rupert, OBA No. 7827
Geren T. Steiner, OBA No. 18845
**RUPERT & STEINER, P.L.L.C.**
14001 Quail Springs Parkway
Oklahoma City, Oklahoma 73134
Telephone:   (405) 607-1494
Facsimile:   (405) 607-1450
tony@rupertsteinerlaw.com
geren@rupertsteinerlaw.com
**ATTORNEYS FOR PLAINTIFF**

**ATTORNEYS' LIEN CLAIMED**