# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY WOSKA, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. CIV-17-89-D |
| HEALTH CARE SERVICE CORPORATION, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' Motion to Dismiss [Doc. No. 7], which is brought pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Plaintiffs have responded to the Motion [Doc. No. 16], and Defendants have replied [Doc. No. 19]. The matter is fully briefed and at issue.

## BACKGROUND

Physicians at Oklahoma Procure Management, d/b/a Procure Proton Therapy Center (Procure) recommended that Plaintiff Anthony Woska (Woska) undergo proton beam radiotherapy to treat his prostate illness. At all times relevant to this action, Woska was married to Plaintiff Debbie Woska[1] and insured under an insurance policy issued by Defendants Health Care Service Corporation (HCSC) and Blue Cross Blue Shield of Oklahoma (BCBS). Defendants denied Woska's claims

---

[1] Mrs. Woska was inadvertently referred to as "Daniel" in the Petition.

for benefits relating to the proton therapy, and upheld the denial after multiple appeals by Woska. Woska claims Defendants' denial constitutes breach of contract, breach of the duty of good faith and fair dealing, negligence per se, and tortious interference with his business relationship with Procure. Defendants also refused to approve Procure's requests for authorization relating to the proton therapy treatment. Procure, likewise, contends that Defendants' refusal to authorize and pay for Woska's proton therapy constituted a breach of contract, breach of the duty of good faith and fair dealing, and an attempt to drive Procure from the medical marketplace.

Defendants move to dismiss Plaintiffs' Petition on the grounds that (1) Woska has failed to establish any purported breach; (2) Woska fails to allege sufficient facts to establish a bad faith denial; (3) Woska's negligence per se action fails as a matter of law because he fails to identify any statutes, regulations, or code provisions that were violated; (4) Woska's tortious interference claim fails because he fails to allege interference with a contract between him and Procure; (5) Procure fails to allege sufficient facts to state a claim for relief; and (6) The complaint fails to assert any cause of action on behalf of Plaintiff Debbie Woska.

## STANDARD OF DECISION

Pursuant to the seminal decisions of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to survive a motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state

2

a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570).[2] Under this revised standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original)). The "plausibility" standard announced in *Twombly* and *Iqbal* is not considered a "heightened" standard of pleading, but rather a "refined standard," which the court of appeals has defined as "refer[ring] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*,

---

[2]Although this action was originally brought in state court, both the Federal Rules of Civil Procedure and the Supreme Court's standards in *Twombly*, *Iqbal*, and their progeny govern the sufficiency of Plaintiffs' claims. *See* Fed. R. Civ. P. 81(c)(1)("These rules apply to a civil action after it is removed from a state court."); *McKnight v. Linn Operating, Inc.*, No. CIV-10-30-R, 2010 WL 9039794, at *1 (W.D. Okla. Apr. 1, 2010) ("Because the Federal Rules apply after removal, Rule 12(b)(6) and the attendant standards set by the Supreme Court apply. If, however, the Court concludes that Plaintiffs' allegations fail under the *Twombly* and *Iqbal* standard, it may order Plaintiffs to replead their claims if necessary."); *accord Lynch v. Jackson*, 478 F. App'x 631, 616 (11th Cir. 2012) (per curiam) ("Although the case has been removed to federal court and federal procedural rules apply, Plaintiff must still comply with federal pleading requirements.") (unpublished).

671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *Robbins*, 519 F.3d at 1247.

The Tenth Circuit has further noted that the nature and specificity of the allegations required to state a plausible claim will vary based on context. *Robbins*, 519 F.3d at 1248. "Thus … the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.' " *See id*. at 1247. Accordingly, in deciding *Twombly* and *Iqbal*, there remains no indication the Supreme Court "intended a return to the more stringent pre-Rule 8 pleading requirements." *Khalik*, 671 F.3d at 1191 (citing *Iqbal*, 556 U.S. at 678). It remains true that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555); *Khalik*, 671 F.3d at 1192 ("*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden.") (quoting *al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009)).

Lastly, "[w]hile the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [the] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1191 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)).

4

DISCUSSION

I. ANTHONY WOSKA

A. **Breach of Contract**

To state a claim for breach of contract under Oklahoma law, a plaintiff must sufficiently plead the following elements: (1) the existence of a contract, (2) the defendant's breach of that contract, and (3) damages the plaintiff suffered as a result of the breach. *Digital Design Group, Inc. v. Information Builders, Inc.*, 2001 OK 21, ¶ 33, 24 P.3d 834, 843; *Coen v. SemGroup Energy Partners G.P., LLC*, 2013 OK CIV APP 75, ¶ 32, 310 P.3d 657, 666.

Defendants contend Woska has not alleged sufficient facts to state a plausible claim for breach of contract because he has not identified the terms of an existing contract that would allow the Court to draw a reasonable inference that BCBS is liable for any breach. *See* Mot. at 4. The Court disagrees. In ruling on a motion to dismiss for failure to state a claim, the Court assumes as true all well-pled facts and views them in a light most favorable to the plaintiff. *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135-36 (10th Cir. 2014). Here, the Petition alleges that Plaintiff had in force and effect an insurance policy issued by Defendants. Petition, ¶ 24 [Doc. No. 1-2]. It alleges proton therapy treatment was expressly—or should have been—a covered service under the policy's provisions. Petition at ¶¶ 24, 40. The Petition further alleges that Defendants wrongfully

breached the policy by refusing to provide coverage for Woska's proton therapy treatment. *See id*. at ¶¶ 28, 30, 34-35, 37, 43-44. Lastly, the Petition alleges as a result of Defendants' breach, Woska incurred financial losses in excess of $75,000. *See id*. ¶¶ 62-63.

In the Court's view, the aforementioned allegations are sufficient to state a claim for breach of contract. At this stage of the proceedings, the material issue is whether Plaintiffs have sufficiently *stated* a claim for breach of contract, not whether they will actually *succeed* on their claim(s). *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) ("[O]n a motion to dismiss for failure to state a claim, the question below [is] 'not whether [Plaintiff] will ultimately prevail' on his ... claim ... but whether his complaint [is] sufficient to cross the federal court's threshold[.]") (citation omitted); *Sanchez v. Hartley*, 810 F.3d 750, 756 (10th Cir. 2016) ("a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely.") (quoting *Twombly*, 550 U.S. at 556) (internal quotations omitted). In this regard, the Court is mindful of the specific policy provisions at issue, but the Court should not evaluate the veracity or weight of potential evidence on a motion to dismiss. *Brokers' Choice of America*, 757 F.3d at 1136. Thus, although the weight of Defendants' evidence may prove Plaintiffs' claims insufficient, Plaintiffs have alleged sufficient facts in support of their breach of contract claim. Construing these

6

facts in the light most favorable to Plaintiffs, Defendants' Motion to Dismiss must be denied on this issue.

### B. Bad Faith

To state a claim for bad faith under Oklahoma law, an insured must sufficiently plead the following elements: (1) he was covered under the policy and the defendants were required to take reasonable actions in handling the claim; (2) the defendants' actions were unreasonable under the circumstances; (3) the defendants failed to deal fairly and act in good faith toward the insured in their handling of the claim; and (4) the breach or violation of the duty of good faith and fair dealing was the direct cause of the plaintiff's damages. *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1128 (10th Cir. 2016) (citing *Badillo v. Mid Century Ins. Co.*, 2005 OK 48, ¶ 25, 121 P.3d 1080, 1093; *Bannister v. State Farm Mut. Auto. Ins. Co.*, 692 F.3d 1117, 1126-27 (10th Cir. 2012)).

On this issue, the Court agrees with Defendants that the Petition fails to state a plausible claim for bad faith.[3] As noted *supra*, the Petition alleges an insurance policy was in place that provided coverage for proton therapy and Defendants breached the policy by refusing to provide coverage for Woska's proton therapy

---

[3] A breach of contract claim—standing alone—is not tantamount to bad faith, as both are distinct claims that require different elements of proof. *See, e.g., Jas Hospitality, LLC v. Auto-Owners Ins. Co.*, No. 15-cv-967, 2016 WL 9735746, at *2 (D. Colo. July 12, 2016); *Equity Income Partners LP v. Chicago Title Ins. Co.*, No. CV-11-1614, 2014 WL 12745025, at *2 (D. Ariz. Jan. 29, 2014).

treatment. Woska, however, fails to allege any facts as to how or why Defendants' underwriting process was deficient and unreasonable or how or why Defendants' investigation and/or evaluation of his claim was deficient and unreasonable. Woska only summarily contends such denial was "wrongful." Absent additional, supporting allegations, the Court finds Woska has failed to allege a plausible claim for bad faith. Defendants' Motion on this issue is granted.

### C. Negligence Per Se

Defendants also seek dismissal of Woska's claim of negligence per se. To establish negligence, a plaintiff must show that the defendant owed a duty of care to the plaintiff, that the defendant breached that duty of care, and that the breach caused injury to the plaintiff. *Martinez v. Angel Exploration, LLC*, 798 F.3d 968, 974 (10th Cir. 2015). To this end, "[t]he negligence per se doctrine is employed to substitute statutory standards for parallel common law, reasonable care duties." *Howard v. Zimmer*, 2013 OK 17, ¶ 13, 299 P.3d 463, 474. The following elements must be shown in order to establish negligence per se: (1) the claimed injury is of a type intended to be prevented by the statute or regulation; (2) the injured party is a member of the class intended to be protected by the statute or regulation; and (3) the claimed injury was caused by the statutory or regulatory violation. *Id*. at 467.

Plaintiffs' response asserts that Defendants violated 36 OKLA. STAT. §6060.9b, which states health benefit plans "shall be prohibited from holding proton

radiation therapy to a higher standard of clinical evidence for medical policy benefit coverage decisions than the health plan requires for coverage of any other radiation therapy treatment." *See id.* § 6060.9b(A). It also states that "[n]othing in this section shall be construed to mandate the coverage of proton radiation therapy by a health benefit plan." *See id.* § 6060.9b(B). However, when evaluating a motion to dismiss brought under Rule 12(b)(6), the Court is guided by the allegations of *the complaint*, not Plaintiffs' response brief. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.") (citation omitted); *Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (citation omitted). Here, the Petition does not identify any statute or regulation Defendants are alleged to have violated in denying Woska's claim; and although Plaintiffs have now referenced certain statutes, such averments are absent from Plaintiffs' pleading. Defendants' Motion on this issue is granted.

### D. Tortious Interference

Under Oklahoma law, a tortious interference claim has four elements: "(1) the interference was with an existing contractual or business right; (2) such interference was malicious and wrongful; (3) the interference was neither justified, privileged nor

excusable; and (4) the interference proximately caused damage." *Wilspec Techs., Inc. v. DunAn Holding Grp., Co.*, 2009 OK 12, ¶ 15, 204 P.3d 69, 74 (citing *Mac Adjustment, Inc. v. Prop. Loss Res. Bureau*, 1979 OK 41, ¶ 5, 595 P.2d 427, 428); *see also Tuffy's, Inc. v. City of Oklahoma City*, 2009 OK 4, ¶ 14, 212 P.3d 1158, 1165. The Court finds that the complaint sufficiently sets forth a claim for tortious interference. Woska alleges (1) he and Procure had a business relationship (Petition, ¶ 49); (2) Defendants knew of the relationship, yet intentionally and wrongfully interfered with that relationship (*see id.* ¶¶ 50-51); (3) such interference was improper, and done through unfair means, i.e., not justified or otherwise excusable (*id.* ¶ 52); and (4) Woska suffered damages as a result (*id.* ¶ 63). As stated above, whether Woska is ultimately successful on such claim is not dispositive at this stage of the proceedings. Accordingly, Defendants' Motion on this issue is denied.

## II. PROCURE PROTON THERAPY CENTER

Defendants next contend that the Petition fails to sufficiently plead a cause of action on behalf of Procure. In summary, with respect to Procure, the Petition alleges the following:

- Procure made a claim for insurance coverage to Defendants for treatment of Woska pursuant to the insurance policy and contracts between Procure and Defendants stemming from Procure's status as a participating or preferred provider organization (PPO) [Petition, ¶¶ 53, 55];

- Procure complied with all of its duties under the contracts, met all conditions precedent thereto, and was entitled to payment for Woska's treatment (*see id*. ¶¶ 54, 55);

- Defendants denied authorization for Woska's treatment, which constituted a breach of the agreements between Procure and Defendants (*see id*. ¶ 57);

- Defendants' conduct undermined Procure's ability to provide proton beam therapy and is an attempt to drive Procure from the market (*see id*. ¶ 59);

- Defendants' conduct was unreasonable, intentional, and a violation of its duty of good faith and fair dealing (*see id*. ¶ 60);

- Procure suffered damages as a result (*see id*. ¶ 61).

Petition at pp. 9-11.

Defendants argue that Procure's breach of contract claim fails for the same reason as Woska's—Procure has not identified any specific terms it claims Defendants have breached and proton therapy treatment was specifically excluded in Woska's policy. Defendants also contend there was no obligation to pay for proton therapy because there was an express exclusion for the service. Mot. at 13. The Court denies Defendants' Motion for substantially the same reasons addressed above regarding Woska's claim. Even in light of the modified approach set forth in *Twombly* and *Iqbal*, it remains true that a plaintiff need not prove their case at the pleading stage. "In other words, Rule 8(a)(2) still lives. Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Burnett v. Mortg. Elec. Registration*

11

*Sys., Inc.*, 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting *Khalik*, 671 F.3d at 1191). Accordingly, the Court finds Procure has set forth a sufficient claim for breach of contract. Defendants' Motion on this issue is denied.

Likewise, for the same reasons announced regarding Woska's claim, to the extent Procure seeks to bring a claim for breach of the duty of good faith and fair dealing, the Court finds the Petition fails to state sufficient supporting allegations to state a viable claim. Defendants' Motion on this issue is granted.

### III. DEBBIE WOSKA

Lastly, Defendants seek to dismiss Debbie Woska from this action on the basis she has not stated a claim for relief. Plaintiffs respond Mrs. Woska seeks damages for loss of consortium, which is a derivative claim that stems from the allegations surrounding Mr. Woska's claims. Indeed, the Petition is devoid of any factual allegations regarding Mrs. Woska except for a statement under the "Damages" section that reads:

> As a further result of the conduct of [Defendants], [Debbie] Woska, wife of Anthony Woska, has incurred financial [losses], suffered shame, humiliation, embarrassment and mental pain for which she seeks actual damages in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.

Petition, ¶ 64. Loss of consortium is unique in that it may serve as a derivative claim, *see, e.g., Rodgers v. Higgins*, 1993 OK 45, ¶ 1, 871 P.2d 398, 401,[4] and a category

---

[4] *See also Laws v. Fisher*, 1973 OK 69, ¶ 4, 513 P.2d 876, 877.

12

of compensable damages. Albeit a close call, the Court finds Plaintiffs' loss of consortium allegations do not cross the requisite threshold of stating enough facts, which if taken as true, plausibly state a claim for relief. At its essence, loss of consortium is meant to compensate for the loss of society, affection, assistance and conjugal fellowship in the marriage relationship. *Rodgers*, 871 P.2d at 401 n. 5. Here, Plaintiff's allegations do not provide sufficient supporting facts regarding the effects of Defendants' actions on the Woskas' marriage. Accordingly, Defendants' Motion on this issue is granted.

## CONCLUSION

Defendants' Motion to Dismiss [Doc. No. 7] is **GRANTED IN PART AND DENIED IN PART** as set forth herein. Where dismissal is granted for failure to state a claim, the Court should grant leave to amend freely "if it appears at all possible that the plaintiff can correct the defect." *Triplett v. Leflore County, Okla.*, 712 F.2d 444, 446 (10th Cir.1983). Leave to amend is not automatic and may be properly denied where an amendment would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2004). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *E.spire Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004) (internal quotation marks omitted). With respect

to the claims that have been dismissed, the Court is not convinced Plaintiffs are unable to state a claim for which relief can be granted. Accordingly, Plaintiffs are granted leave to file an amended complaint within **twenty-one (21) days** of this Order or seek an extension of time to do so.

**IT IS SO ORDERED** this 20th day of February 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE